Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-20379

v.

DUANE BRYAN WESTON,

 *Defendant.*
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.**  **Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX  (1)  The Government moved for detention at Defendant's first appearance pursuant to:

  XX  18 U.S.C. § 3142(f)(1).

  __  18 U.S.C. § 3142(f)(2).

__  (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.**  **Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__  (1)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__  (2)  The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

___     (3)     A period of less than five years has elapsed since

           ___     the date of conviction, **or**

           ___     Defendant's release from prison for the offense described in finding (B)(1).

___     (4)     Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**     **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

           ___     for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

           ___     under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

           ___     listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

           ___     listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

           ___     involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

           ___     the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**     **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

___     (1)     There is a serious risk that Defendant will not appear.

___     (2)     There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

___    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged relates to the possession of weapons by a convicted felon. As to subsection (g)(2), I find from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 41 years of age and has been a consistent resident of the Flint, Michigan, area. He has resided with his fiancé for approximately the last year. Prior to this, he lived with his mother and stepfather in Flint. Defendant has performed various temporary service jobs for the past five years, although

for the past year he has been unemployed. Defendant denied using illegal drugs and declined urinalysis screening.

In 1989, Defendant was charged in this court with distribution of dangerous drugs and the use of a firearm in relation to drug trafficking. He was convicted on these charges and sentenced in December 1990 to 70 months' custody. Defendant was released in 1995 and successfully completed three years of supervised release.

Defendant's state criminal history indicates that, in 1991, Defendant pled guilty to larceny from a person and was sentenced in February 1992 to 30 months to 15 years in prison. In November 2000, Defendant was charged with felony firearm, resisting a police officer and possession of cocaine less than 25 grams. He was convicted on these charges and, in January 2002, was sentenced to three years' imprisonment. Less than eight months later, he was discharged from probation as a result of a probation violation. In May 2001, Defendant was charged with carrying a concealed weapon and possession of cocaine less than 25 grams. Defendant was convicted in July 2002 and sentenced to a prison term of three to six years. He was discharged the same date as a probation violator. In December 2005, Defendant was convicted of felony dangerous drugs and sentenced in February 2007 to 18 months to six years' imprisonment. He was subsequently paroled and discharged from parole in February 2010. Less than 10 months later, Defendant was involved in the incidents which served as the basis for the charges made in this Indictment.

Counsel for Defendant contests the facts underlying Count II of the Indictment. While it is entirely appropriate for defense counsel to make such arguments, they are at this stage premature, as under the Bail Reform Act, Defendant enjoys the presumption

of innocence at this stage of the proceedings. Counsel for Defendant also questions the implication in the Pretrial Services Report that Defendant has violated probation on multiple occasions, and also proposes that Defendant's mother can serve as a third-party custodian.

As I weigh these facts under the standards set forth in the Bail Reform Act, I note first that several circuits and numerous district courts have held that continued drug dealing, as here evidenced by Defendant's criminal history, constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

As to the conditions proposed by defense counsel, while I have no doubt that Defendant's family is and have been supportive, I am at the same time forced to conclude that despite their best efforts, they have been unable to meaningfully control Defendant's behavior. This is evidenced by Defendant's consistent pattern of convictions for drug and weapons offenses. Moreover, as well stated by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling

that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985). For all these reasons, I conclude that there are no conditions nor any combination of conditions I could fashion which would reasonably assure the safety of the community. Accordingly, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                        s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: July 29, 2011             United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Robert Haviland and Glenn Simmington, and served on Flint Pretrial Services and the Flint U.S. Marshal's Service by other electronic means.

Date: July 29, 2011          By    s/*Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder